# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LONGHORN AUTOMOTIVE GROUP LLC, ) | Case No. 2:24-cv-00554-JRG |
| ) | (LEAD CASE) |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| HYUNDAI MOTOR COMPANY and KIA ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF LONGHORN AUTOMOTIVE GROUP LLC'S SUR-REPLY
IN OPPOSITION TO DEFENDANTS' HYUNDAI MOTOR COMPANY AND
KIA CORPORATION'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (DKT. 58)**

## **TABLE OF CONTENTS**

**Page(s)**

I. ARGUMENT ................................................................................................................... 1

    A. LAG's Induced Infringement Allegations Are Sufficient ..................................... 1

    B. The FAC Sufficiently Pleads Specific Intent .......................................................... 2

    C. LAG's Contributory Infringement Claims Are Sufficient ...................................... 5

    D. LAG's Willful Infringement Claims Are Sufficient ............................................... 5

II. CONCLUSION ................................................................................................................ 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AlexSam, Inc. v. Aetna, Inc.*,
    119 F.4th 27 (Fed. Cir. 2024) ...................................................................................................4

*Kirsch Rsch. and Dev., LLC v. Tarco Specialty Prods., Inc.*,
    2021 WL 4555802 (W.D. Tex. 2021) ........................................................................................2

*RightQuestion, LLC v. Samsung Elecs. Co.*,
    2022 WL 507487 (E.D. Tex. Feb. 18, 2022) .............................................................................4

*In re Taasera LLC, Patent Litig.*,
    2023 WL 2716540 (E.D. Tex. Mar. 29, 2023) .......................................................................2, 4

**Statutes**

35 U.S.C. § 271 ...............................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1, 5

Plaintiff Longhorn Automotive Group LLC ("Plaintiff" or "LAG") submits this sur-reply in response to Defendants Hyundai Motor Company and Kia Corporation's (collectively, "Defendants" or "Hyundai") Reply (Dkt. 65) and in further opposition to the Motion to Dismiss Plaintiffs First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 58, the "Motion" or "Mot."). For the reasons stated below and in further detail in LAG's Opposition (Dkt. 60, the "Opposition" or "Opp."), LAG respectfully requests that the Motion be denied.

## I.     ARGUMENT

### A.    LAG's Induced Infringement Allegations Are Sufficient

Consistent with this Court's case law, LAG's allegations of willful blindness are sufficient to allege knowledge for its induced infringement claims. While Defendants attempt to distinguish the relevant case law, it is undisputed that the FAC pleads (1) willful blindness; (2) allegations of knowledge through prosecution activities; (3) allegations of an established policy of not reviewing the patents of others; and (4) allegations of a belief that there was a high probability that Defendants' actions would induce infringement of customers and end-users. Opp. at 9-10. Defendants provide no legal or factual support for their argument that the long-accepted allegations of induced infringement do not necessarily need to be sufficient here. Defendants fail to identify any relevant case in which this Court has required more than the allegations set forth in the Complaint. As shown, pleading on "information and belief" has held to be sufficient under Fifth Circuit precedent. *See id.*.

Similarly, Defendants do not deny that the FAC contains specific allegations identifying Defendants' patent, which cited to the '101 Patent family during prosecution. *See* Opp. at 11. Should the Court find that this fact alone is insufficient, LAG respectfully requests that the Court permit Plaintiff to amend its Complaint to include additional facts regarding its induced

infringement claim and willful blindness to support such allegations. *See Kirsch Rsch. and Dev., LLC v. Tarco Specialty Prods., Inc.*, 2021 WL 4555802, at *2-*3 (W.D. Tex. 2021).

Nonetheless, this Court has held that the failure to allege pre-suit knowledge is not a basis to dismiss a plaintiff's indirect infringement claims. *See In re Taasera LLC, Patent Litig.*, 2023 WL 2716540, at *5 (E.D. Tex. Mar. 29, 2023). Defendants have had knowledge of the Asserted Patents by way of the Complaint's filing and Defendants do not dispute their actual knowledge of the Asserted Patents, which is at least as early as the Complaint's filing date. *See id.* ("The parties do not dispute that CrowdStrike had knowledge of the Asserted Patents at the time the original complaint was filed, which is sufficient in this context."). To distinguish between pre- and post-suit knowledge is "premature at this early stage" where Defendants have "had knowledge of the Asserted Patents for at least some time during the infringement period." *Id.* Accordingly, LAG has properly pled induced infringement and that Defendants had knowledge of the Asserted Patents.

For this reason, the Motion should be denied.

**B.  The FAC Sufficiently Pleads Specific Intent**

Defendants' dismissal of the relevant case law is unavailing. The cases cited by LAG are nearly identical to those the Court found sufficient. For example, Defendants attempt to distinguish the holding in *In re Taasera*, as including a link to the specific product manual—the same applies here. LAG included *an explicit link* that includes materials provided by Defendants.

2

> 32. Defendants have and continue to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '803 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications.[14]
>
> 33. LAG has suffered damages as a result of Defendants' direct and indirect
>
> ---
> [14] *See, e.g.,* Genesis Owner's Manuals, Quick Reference Guides, and other materials, available at: https://owners.genesis.com/us/en/resources/manuals-warranties.html.                                      [1]

The same applies from the *Truesight Commc'ns, LLC v. Samsung Elecs. Co.*, case where the Court held specific links which ***included citations to* specific *user guides***, just as LAG has included here (citing to manuals, quick reference guides, and other materials). *See also* FAC, ¶¶ 32, 59, 74, 88, 101.

While Defendants dismiss these links as insufficient because they contain a link to *all manuals and guides*, they do not dispute that these links contain links for each of the Accused Products, nor do they argue that these manuals and guides *do not* include the information that has been held sufficient by this Court. Moreover, Defendants' allegation that the FAC does not contain specific citations for the Kia exemplary product is not dispositive. Defendants would have LAG identify every manual and guide for each of the Accused Products in its FAC to support its claims. It is undisputed—LAG has identified at least exemplary manuals and guides which provide customers and end-users with instructions on how to use the Accused Products in an infringing manner. Defendants thus provide "active steps" which can include "'advertising an infringing use', 'instructing how to engage in an infringing use', and assisting in performing an infringing use." *In re Taasera*, 2023 WL 2716540, at *26.

---
[1] FAC, Dkt. 51, ¶ 32 n. 14.

Moreover, the FAC contains excerpts of the materials taken from those manuals and guides, with the corresponding citations, from Defendants' own website. *See generally* FAC. These excerpts to Defendants' materials further buttress that Defendants direct their customers and end-users of the Accused Products to "make use of the functionality . . . in the manner intended" by Defendants, thereby infringing the Asserted Patents. *See RightQuestion, LLC v. Samsung Elecs. Co.*, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) ("Further, RightQuestion provides excerpts of materials allegedly taken from Samsung's product briefs, customer-oriented blog posts, technical documents, YouTube videos, and instructions that direct Samsung's customer and other third-party users of the accused products to allegedly make use of the functionality of the Samsung Knox Vault in the manner intended by Samsung and thereby infringe the patents-in-suit."). Drawing all reasonable inferences in LAG's favor, it has plausibly alleged that Defendants knowingly induced infringement. *In re Taasera*, 2023 WL 2716540, at *26; *see also AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 46 (Fed. Cir. 2024) ("AlexSam further alleges that 'Defendant has specifically intended its customers to use the VISA Accused Products in its infringing systems in such a way that infringes the Asserted Claims by, at a minimum, providing and supporting the VISA Accused Products and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. . . . Taken together, these allegations, which must be taken as true, are sufficient at the pleadings stage to make it plausible that Aetna indeed intended that its customers infringe AlexSam's patent."); *RightQuestion*, 2022 WL 507487, at *3 ("By pointing to literature 'advertising an infringing use' and 'instructing how to engage in an infringing use' . . . RightQuestion has sufficiently stated a claim for induced infringement.").

4

### C. LAG's Contributory Infringement Claims Are Sufficient

LAG's FAC contains sufficient allegations for indirect infringement, including contributory infringement. Opp. at 5, n.1 (citing to the FAC, which provides that "Hyundai indirectly infringes the Asserted Patents pursuant to 35 U.S.C. § 271."). LAG has established that the FAC pleads knowledge sufficient to establish indirect infringement. *See* Opp. at 9-12; *see supra* 1-2. The FAC also contains language regarding the general functionality of the Accused Products and the components its accuses. However, should the Court determine that such allegations are insufficient, LAG respectfully requests that it be granted leave to further amend the FAC to include more specific allegations regarding contributory infringement.

### D. LAG's Willful Infringement Claims Are Sufficient

LAG has sufficiently identified knowledge of Defendants to support its willful infringement claims. Opp. at 9-12. However, if the Court determines that LAG's allegations at this stage are insufficient, LAG respectfully requests that it be granted an opportunity to further amend the FAC to add a claim for willful infringement, in the event facts supporting a claim for willful infringement and that Defendants had knowledge of the Asserted Patents through offers to license by the prior assignee of the Asserted Patents, come to light during discovery. Because LAG is aware that certain relevant facts may be uncovered during discovery, LAG respectfully requests that dismissal of willful infringement should be denied.

## II. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss the First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 58). In the alternative, as stated in the Opposition, Plaintiff respectfully requests leave to amend the FAC to the extent deemed necessary by the Court.

Dated: February 26, 2025                    Respectfully submitted,

   */s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Justin Kurt Truelove
TX State Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510
Email: kurt@truelovelawfirm.com

***ATTORNEYS FOR PLAINTIFF LONGHORN AUTOMOTIVE GROUP LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 26, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  */s/ Vincent J. Rubino, III*
                                                  Vincent J. Rubino, III