## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| LONGHORN AUTOMOTIVE GROUP LLC, § § *Plaintiff*, § § v. § HYUNDAI MOTOR COMPANY AND KIA § CORPORATION, § § *Defendants*. § | CIVIL ACTION NO. 2:24-CV-00554-JRG (LEAD CASE) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Defendants Hyundai Motor Company's ("Hyundai") and Kia Corporation's ("Kia") (together, the "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). (Dkt. No. 58). Plaintiff Longhorn Automotive Group LLC ("Longhorn Automotive") opposes the Motion. (*See* Dkt. No. 60). For the following reasons, the Court finds that the Motion should be **GRANTED** under Rule 12(b)(6) and further **ORDERS** that Longhorn Automotive be given leave to amend its complaint as noted herein.

### II. BACKGROUND

Longhorn Automotive filed suit against Defendants on July 19, 2024. (Dkt. No. 1). On December 20, 2024, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 43). Longhorn Automotive then filed a First Amended Complaint on January 10, 2025 (Dkt. No. 51), which mooted the previous motion to dismiss. (Dkt. No. 53). Defendants then filed the present Motion.

The First Amended Complaint alleges that the Defendants directly and indirectly infringes five patents: U.S. Patent No. 8,810,803 (the "'803 Patent"); U.S. Patent No. 7,987,002 (the "'002

Patent"); U.S. Patent No. 7,513,238 (the "'238 Patent"); U.S. Patent No. 8,265,353 (the "'353 Patent"); Reissued U.S. Patent No. RE44,331 (the "'331 Patent"); and U.S. Patent No. 7,089,101 (the "'101 Patent") (collectively, the "Accused Patents"). (*Id.* at ¶¶ 8–13).

Longhorn Automotive is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Marshall, Texas 75670. (*Id.* at ¶ 1). Defendant Hyundai Motor Company is a Korean corporation with its principal place of business located at 12 Heolleung-ro Seocho-gu Seoul 06797, Republic of Korea. (*Id.* at ¶ 2). Defendant Kia Corporation is a Korean corporation, with its principal place of business located at 730-7 Mok-dong, Yangcheon-gu Seoul, Seoul, 07946 Republic of Korea. (*Id.* at ¶ 3).

**III. LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

**IV. ANALYSIS**

 **A. Pre-Suit Knowledge**

Defendants argue that the First Amended Complaint does not sufficiently plead pre-suit knowledge of the Asserted Patents. (Motion at 5-6). In particular, Defendants argue that the following allegations are insufficient to explain how Defendants have pre-suit knowledge of the asserted patents:

> Defendants have and continue to indirectly infringe one or more claims of the [individual patent] by knowingly and intentionally inducing others, including Hyundai customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

> Defendants, with knowledge that these products, or the use thereof, infringe the [individual patent] at least as of the date of the Original Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the [individual patent] by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, including specifically those related to Defendants' specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

> Defendants have and continue to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the [individual patent], but while remaining willfully blind to

3

>the infringement. Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications.

(First Amended Complaint at ¶¶ 30-32, 44-46, 57-59, 72-74, 86-88, 99-101); (Motion at 5).

Defendants are correct that Longhorn Automotive has not sufficiently alleged pre-suit knowledge. "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 477 F.3d 1293, 1304 (Fed. Cir. 2006). The paragraphs excerpted above only allege that Defendants had the requisite knowledge "at least as of the date of the Original Complaint." (First Amended Complaint at ¶¶ 31, 45, 58, 73, 87, 100).

Longhorn Automotive's allegations of willful blindness are insufficient to establish pre-suit knowledge. Willful blindness requires that the Defendants: (1) must subjectively believe that there is a high probability that a fact exists; and (2) must take deliberate actions to avoid learning of that fact. *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Longhorn Automotive did not show that Defendants had a subjective belief about a high probability that a patent encompassing the technology at issue existed. While a shareholder of Defendants cited to the '101 Patent family during the prosecution of a Korean patent application, (Dkt. No. 60 at 11), Longhorn Automotive does not cite to any case that has found a citation to a patent family sufficient to establish subjective belief. Longhorn Automotive's other purported allegations of a subjective belief held by Defendants, (*see, e.g.*, First Amended Complaint at ¶¶ 32, 46, 59, 74, 88, and 101), are legal conclusions and not factual allegations. Therefore, Longhorn Automotive did not establish pre-suit knowledge through willful blindness.

### B. Specific Intent

Longhorn Automotive's allegations for specific intent similarly fall short. Specific intent may be shown if the Defendants provided instructions to customers, which, when followed, would lead to infringement. *Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1305 (Fed. Cir. 2002). While Longhorn Automotive sufficiently alleged that Defendants provide instructions to consumers, Longhorn Automotive's allegations that the instructions would lead to infringement when followed are conclusory. (First Amended Complaint at ¶¶ 32, 46, 59, 74, 88, and 101). A complaint that only provides links to instructions is insufficient to adequately plead specific intent; a plaintiff must also allege "how the instructions direct customers to use those products in an infringing manner." *Stragent, LLC v. BMW of North America*, No. 6:16-cv-446-RWS, 2017 WL 2821697, at *9 (E.D. Tex. Mar. 3, 2017).

### C. Willful Infringement and Contributory Infringement

In its First Amended Complaint, Longhorn Automotive did not allege willful or contributory infringement. Although Longhorn Automotive alleged some factual elements of willful and contributory infringement, Longhorn Automotive failed to invoke specific statutory provisions or the statutory requirements for these causes of actions. Without such, Longhorn Automotive failed to provide notice to Defendants through the First Amended Complaint that it intended to pursue these causes of actions. *See Lodsys Grp., LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2013 WL 5353004, at *2 (E.D. Tex. Sept. 24, 2013). Furthermore, Defendants previously raised these deficiencies in their now-mooted motion to dismiss the original complaint (Dkt. No. 43 at 2 n.1, 9-10 n.4).

## V. CONCLUSION

Having considered the Motion, the Court finds that the Motion should be and hereby is **GRANTED**. Additionally, the Court **GRANTS LEAVE** to Longhorn Automotive to amend its Complaint to address the deficiencies in its pleadings as noted above, including specifically as to induced infringement, willful infringement, and contributory infringement. Any amended complaint, filed for such purpose, must be filed within 14 days of this date.

**So ORDERED and SIGNED this 26th day of September, 2025.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE