IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LONGHORN AUTOMOTIVE GROUP LLC, <br> *Plaintiff*, <br> v. <br> HYUNDAI MOTOR COMPANY AND KIA CORPORATION, <br> *Defendants*. | § § § § § § § § § | CIVIL ACTION NO.  2:24-CV-00554-JRG <br> (LEAD CASE) |
| LONGHORN AUTOMOTIVE GROUP LLC, <br> *Plaintiff*, <br> v. <br> NISSAN MOTOR CO., LTD., <br> *Defendant*. | § § § § § § § § § | CIVIL ACTION NO.  2:24-CV-00397-JRG <br> (MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the Court is Defendant Nissan Motor Co., Ltd.'s ("Nissan") Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) (the "Motion"). (Dkt. No. 44). Plaintiff Longhorn Automotive Group LLC ("Longhorn Automotive") opposes the Motion. (*See* Dkt. No. 55). For the following reasons, the Court finds that the Motion should be **GRANTED** under Rule 12(b)(6) and further **ORDERS** that Longhorn Automotive be given leave to amend its complaint.

**II. BACKGROUND**

Longhorn Automotive filed suit against Nissan on May 31, 2024. (Case No. 2:24-cv-00397-JRG Dkt. No. 1; hereafter, the "Complaint"). The Complaint alleges that Nissan directly and indirectly infringes five patents: U.S. Patent No. 8,810,803 (the "'803 Patent"); U.S. Patent No. 7,987,002 (the "'002 Patent"); U.S. Patent No. 7,513,238 (the "'238 Patent"); U.S. Patent No.

7,634,666 (the "'666 Patent"); and U.S. Patent No. 8,265,353 (the "'353 Patent") (collectively, the "Accused Patents"). (*Id.* at ¶¶ 7–11).

Longhorn Automotive is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Marshall, Texas 75670. (*Id.* at ¶ 1). Defendant Nissan is a Japanese corporation, with its principal place of business located at 1-1, Takashima 1-chome, Nishi-ku, Yokohama, Kanagawa, 220-8686, Japan. (*Id.* at ¶ 2).

### III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint,

any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## IV. ANALYSIS

### A. Direct Infringement

Nissan argues that the Complaint does not allege factual bases for how Nissan practices the Accused Patents in the United States. (Motion at 8). In particular, Nissan argues that the following allegations are insufficient to explain how Nissan, a foreign company, infringes the Accused Patents in Texas and in this District:

> [Nissan] has and continues to directly infringe the [individual patent], either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the [individual patent].

Complaint at ¶ 19; *see also* ¶ 22 ('803 Patent); ¶ 35 ('002 Patent); ¶ 49 ('238 Patent); ¶ 60 ('353 Patent); and ¶ 76 ('666 Patent); (Motion at 8).

Nissan is correct. The mere recitation of statutory language in the Complaint amounts to a legal conclusion that this Court is not required to accept as true. *See Twombly*, 550 U.S. at 555. None of the text, screenshots, or links in the Complaint allow the Court to draw a reasonable inference that this Defendant (Nissan Motor Co., Ltd.) practices the Accused Patents within the United States.

Longhorn Automative alternatively argues that it has sufficiently alleged that Nissan practices the '353 Patent in the United States through the following:

> Upon information and belief, Nissan employees regularly travel to the United States to test and/or troubleshoot the Accused Vehicles, thereby performing the method of at least claim 1 of the '353 Patent and directly infringing the '353 Patent. Upon

> further information and belief, Nissan displays and operates the Accused Vehicles around the United States at events, such as car shows.

Complaint at ¶ 68. Longhorn Automotive indicates that this Court has previously found such allegations to be sufficient, which means such allegations should be sufficient here. *NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648 at *2 (E.D. Tex. Sept. 5, 2023).

Longhorn Automotive misunderstands the Court's guidance in *NorthStar*. Longhorn Automotive cannot simply restate language from a previous case to create a sufficient factual basis in this Complaint for the purposes of Rule 12(b)(6). To hold otherwise would transform the pleading requirement into a blank-filling exercise. Such an exercise would not allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged in the present case. *Ashcroft*, 556 U.S. at 678. There is little difference between "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 at 555, and a formulaic recitation of the facts found sufficient in a different case.

The Court does not decide whether the factual allegations for the '353 Patent could form sufficient factual bases for the remaining patents, because the Court does not find the allegations of testing and troubleshooting in the United States to be sufficient for the '353 Patent. Additionally, the Court does not decide whether the Complaint's abundant screenshots and sparse textual analysis form adequate factual bases for how the accused vehicles infringe the Accused Patents. Longhorn Automotive may supplement these allegations if it chooses to amend its Complaint.

### B. Indirect Infringement

Longhorn Automotive failed to adequately plead indirect infringement. When a plaintiff fails to adequately plead the underlying direct infringement, indirect infringement must be dismissed. *See, e.g., Qwikcash LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-cv-00876-

SDJ, 2020 U.S. Dist. LEXIS 215341 (E.D. Tex. Nov. 17, 2020). Because the Court finds that Longhorn Automotive failed to adequately plead direct infringement, the Court must also dismiss the claims for indirect infringement.

## V. CONCLUSION

Having considered the Motion, the Court finds that the Motion should be and hereby is **GRANTED**. Additionally, the Court **GRANTS LEAVE** to Longhorn Automotive to amend its Complaint to address the deficiencies in its pleadings discussed above. Any amended complaint, filed for such purpose, must be filed within 14 days from this date.

**So ORDERED and SIGNED this 26th day of September, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE